UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **GOLDEN K. BERRY** | **CIVIL ACTION NO. 3:18-CV-01397** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SHERIFF JAY RUSSELL, ET AL.** | **MAG. JUDGE JOSEPH PEREZ-MONTES** |

**MEMORANDUM ORDER**

Pending before this Court is a Motion for New Trial [Doc. No. 203] filed by Plaintiff Golden K. Berry ("Berry"). An Opposition [Doc. No. 205] was filed by Defendants Sheriff Jay Russell ("Sheriff Russell") and the Ouachita Parish Sheriff's Office ("OPSO"). A Reply [Doc. No. 209] was filed by Berry.

For the reasons set forth herein, Berry's Motion for New Trial is **DENIED**.

**I.   BACKGROUND**

Berry was hired as a Deputy with the OPSO in 2000, and was promoted to the rank of Corporal in 2003.[1] In the summer of 2017, Berry voluntarily demoted from his position as Corporal to a lower rank so that he could have consistent daytime hours.[2] In November of 2017, Berry filed charges of racial discrimination with the Equal Employment Opportunity Commission ("EEOC") due to a decrease in pay for the voluntary demotion.[3]

Berry was terminated by the OPSO on March 28, 2018.[4] Thereafter, Berry filed a charge of retaliation for his dismissal with the EEOC in May 2018. Berry received right to sue letters for

---

[1] [Doc. No. 1 at ¶ 1]
[2] [Id. at ¶ 1]
[3] [Id. at ¶ 7]
[4] [Id. at ¶ 37]

both of his EEOC filings in July and September 2018.

On October 25, 2018, Berry filed the present lawsuit both for discrimination based on race and retaliation under Title VII of the Civil Rights Act.[5] A Summary Judgment was granted in favor of the Defendants.[6] Thereafter, Berry appealed, and the summary judgment was reversed with regard to the retaliation and was affirmed with regard to the discrimination claim.[7] Therefore, the only claim that remained before the Court was Berry's claim for retaliation.

This case has been tried in both 2022 and 2023, both of which were on the same issue. After the first trial, which began on January 31, 2022, the jury deadlocked, resulting in a mistrial.[8] The case was reset for trial and the second jury trial began on July 17, 2023. On July 18, 2023, the jury unanimously reached a verdict, which denied Berry's claim for retaliation.

On August 21, 2023, Berry filed the pending Motion for New Trial.

## II. LAW AND ANALYSIS

### A. Law

Berry's Motion for New Trial is governed by Fed. R. Civ. P. Rule 59(a), which reads:

> (a) In General.
> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues... and to any party... as follows:
> (A) after a jury trial, for any reason for which a new trial has been granted in an action at law in federal court.

The district court should grant a new trial only if (1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a

---

[5] [Doc. No. 1]
[6] [Doc. No. 81]
[7] [Doc. No. 83]
[8] [Doc. No. 133]

verdict. *Phillips v. Morbark, Inc.*, 519 F. Supp. 2d 591 (D.S.C. June 19, 2007).

The granting or refusing of a new trial is generally within the sound discretion of the trial court, and reversible only for an abuse of discretion. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). When a trial judge has refused to disturb a jury verdict, all the factors that govern review of the decision favors affirmance because the trial judge had the opportunity to observe the witnesses and to consider the evidence in the context of a living trial rather than upon a cold record, and operates in harmony with deference to the jury's determination of the weight of the evidence. *Massey v. Gulf Oil Corp.*, 508 F.2d 92, 94-95 (5th Cir. 1975), cert. denied, 96 U.S. S.Ct. 67 (1975).

New trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great-not merely the greater-weight of the evidence. *Id.* To grant a new trial, the trial judge must be convinced that the verdict is against the great weight of the evidence. *Id.*

### B. Analysis

In Berry's Motion for New Trial, Berry argues the verdict was against the weight of the evidence because the verdict was tainted and decided from passion and prejudice because the testimony and evidence led the jury toward a stance of blacks against whites, attacking an Affidavit of Juror Ella Smith ("Smith").[9] He also claims evidence was admitted which should have been excluded.

#### 1. Tainted by Passion and Prejudice

Berry argues the jury verdict was decided from passion and prejudice because the evidence led the jury toward a stance of blacks against whites. Berry argues that he impeached the testimony

---

[9] [Doc. No. 203-3]

3

of Defendants' witnesses and provided evidence that supported pretext. However, there was evidence presented to the jury by both sides that the jury could have believed. Defendants presented a neutral reason for the firing – because Berry violated OPSO policy in not asking for permission before running for office while Berry was an OPSO deputy. The jury clearly found the Defendants' testimony and evidence to be more compelling. It was the opinion of this Court that there was sufficient evidence for them to do so. The great weight of the evidence was not in Berry's favor.

Berry further argues that the evidence led the jury toward a stance of blacks versus whites, and he attached the Affidavit of Juror Ella Smith to substantiate his argument. The Affidavit states that she was a juror in this trial. She stated she was misled in making her decision of a "No" vote.[10] She stated she was not informed she had the option to vote "Yes" for Berry, and be the only "Yes" vote. She stated she felt like she was coerced in a negative manner and tone by the other jurors into making a decision to vote against Berry.

Smith did not allege any external coercion. Evidence of internal coercion is not grounds for a new trial. *USA v. Brito*, 136 F.3d 393 (5th Cir. 1998). Smith further alleged she was not informed she had the option to be the only juror to vote in favor of Berry. However, the jury instructions[11] show otherwise. The jurors were told they were the sole judges of the fact;[12] that it was their duty to decide the case for themselves after consideration of the evidence with fellow jurors;[13] and that they could change their minds if they felt they were wrong, but not to give up on their honest beliefs because the other jurors think differently, or just to finish the case.

---

[10] Evidently referring to a vote against Berry.
[11] [Doc. No. 196]
[12] [Id at p. 1]
[13] [Id. at p. 9]

Additionally, they were told their verdict must be unanimous.[14] Smith's Affidavit does not set forth any evidence that warrants a new trial.

This Court is not aware of any evidence or arguments which led to a "stance of blacks versus whites" during the trial. The only issue was whether the Defendants retaliated against Berry for filing an EEOC Complaint. The EECO Complaint was admitted, but jurors were told they were not to consider either the substance of the allegations of the EEOC Complaint, only the fact that it was filed.[15] This Court finds that the verdict was not tainted by passion and prejudice.

### 2. Evidentiary Issues

The other portion of Berry's Motion for New Trial relates to evidence Berry thought should have been excluded at trial. These include: (1) the 2001 EEOC Complaint and letter from the Mayor of Sicily Island; (2) Berry's Application for Employment; (3) OPSO's August 26, 2005, write-up; (4) Berry's Bankruptcy Petition; (5) Payroll checks and attendance records of Gary Gilley; and (6) that the payroll checks of Steven Pitarro should have been admitted into evidence.

### (i) 2001 EEOC Complaint and Sicily Island Mayor letter and Application for Employment

Berry maintains this evidence was not relevant and even if relevant, its probative value was outweighed by unfair prejudice and confusion of the issues in accordance with Fed. R. Evid. 401 and 403. Defendants argue the evidence was presented as relevant to Berry's argument that had he been given a choice between termination and resignation from his elected position, he would have chosen resignation from his elected position. Also, on the Application for Employment with the OPSO, Berry stated he "chose to be terminated" from the Sicily Island Police Department, which

---

[14] [Id.]
[15] [Id. at pp. 4-5]

5

was also relevant to Berry's argument that he would have chosen to resign from his elected position.

All of these exhibits were relevant to Defendants' argument that Berry would not have resigned from his elected position if given a choice.

### (ii) OPSO August 26, 2005, Write-up

This evidence was submitted by Defendants in response to Berry's testimony that he had only received one write-up, when he had actually received two. It was relevant to Berry's credibility.

### (iii) Berry's Bankruptcy Petition

Berry argues his bankruptcy petition was not relevant. However, it was relevant to Berry's claim for lost earnings and relevant to Berry's credibility. Berry declared in his bankruptcy petition that he earned $2,000.00 net monthly income from a business while Berry's expert, Dr. Eisenstadt, testified that Berry did not report that income to him. Additionally, Berry stated in the bankruptcy petition that he was not married, but Berry told the jury he was married. Whether Berry's attorney signed the bankruptcy petition did not matter. What was important was that Berry signed it and declared it was true and correct.

### (iv) Gary Gilley Payroll Checks and Attendance Records

Berry argues the payroll and attendance records of Gary Gilley (who was stated to have taken a leave of absence when he ran for sheriff in Richland Parish) should not have been admitted because they were not relevant or timely disclosed pursuant to Fed. R. Civ. P. Rule 26. They are relevant here because Defendants testified Gilley was granted permission to run for public office and took a leave of absence while he was running.

This issue also came up in the first trial. Colonel Purvis testified that Berry's subpoena for

Gilley's "personnel file" did not include payroll records.

Since the first trial, Defendants maintain Berry never requested or subpoenaed the payroll records. Berry has not provided any evidence that he did. The payroll records were certainly relevant because they were consistent with Defendants' argument that Gilley took a leave of absence while he ran for sheriff.

      **(v)    Payroll checks of Steven Pitarro**

This issue was not briefed by Berry in his Motion and is considered abandoned.

**III.    CONCLUSION**

For the reasons set forth herein,

**IT IS ORDERED** that the Motion for New Trial [Doc. No. 203] is **DENIED.**

Monroe, Louisiana, this 14th day of September 2023.

                          **TERRY A. DOUGHTY**
                          **UNITED STATES DISTRICT JUDGE**